UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROTEX GLOBAL, LLC : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> GERARD DANIEL WORLDWIDE, INC. : <br> : <br> Defendant. : <br> : <br> : | Case No. 16-cv-523 <br><br> Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Rotex Global, LLC ("Rotex" or "Plaintiff"), by its attorneys and for its complaint against Defendant Gerard Daniel Worldwide, Inc. ("GDW" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, codified in Title 35 of the United States Code.

2. Upon information and belief, GDW has and continues to directly infringe by making, using, selling and/or offering for sale within the United States, and/or importing into the United States and induce infringement of Plaintiff's U.S. Patent No. 8,261,915 in violation of 35 U.S.C. § 271(a) and (b).

### THE PARTIES

3. Plaintiff Rotex Global, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, having a principal place of business at 1230 Knowlton Street, Cincinnati, Ohio 45223.

4. Upon information and belief, Defendant Gerard Daniel Worldwide, Inc. is a corporation duly organized and existing under the laws of the State of Pennsylvania, having a principal place of business at 34 Barnhart Drive, Hanover, Pennsylvania 17331.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over GDW because, upon information and belief, GDW has committed acts that constitute direct patent infringement within the State of Wisconsin, and specifically, within this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

8. On September 11, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,261,915 entitled "SCREENING MACHINE AND ASSOCIATED SCREEN PANEL" (the "'915 Patent") to Scott A. Bailey et al. A copy of the '915 Patent is attached as Exhibit A.

9. Rotex is and, at all times relevant to this Complaint, has been the owner of all right, title, and interest in the '915 Patent.

10. Claims 1–18 and 25 of the '915 Patent are directed to a screening machine used to separate and/or classify mixtures of solid particles of different sizes. Claims 19–24 are directed to a screen panel for selective insertion into a screening machine.

11. Since September 11, 2012, Rotex has manufactured and sold, under the Apex™ brand, screeners and corresponding screen panels that practice the claims of the '915 Patent. Nearly 700 Apex™ Screeners are installed worldwide.

12. On or about February 23, 2016, Rotex became aware that GDW was selling an infringing screen panel ("the Accused Product") for use in Rotex's patented screening machines.

13. Upon information and belief, the Accused Product is available for sale to customers located in this district and throughout the United States. For example, GDW has sold the Accused Product to the Tunnel City location of Unimin Corporation in Tomah, Wisconsin.

14. Rotex has been marking its Apex™ Screener panels with the '915 Patent since at least August 2015. Upon information and belief, GDW has had at least constructive notice of the '915 Patent based on Rotex's marking of the Apex™ Screener panels, under 35 U.S.C. § 287.

15. Upon information and belief, GDW has been aware of the '915 Patent at least upon receiving a cease and desist letter from Rotex dated April 8, 2016, in which Rotex notified GDW that the Accused Product infringes the '915 Patent. The filing of this lawsuit further provides actual notice of Rotex's rights in the '915 Patent, under 35 U.S.C. § 287.

## COUNT I – INFRINGEMENT OF THE '915 PATENT

16. The allegations of the preceding paragraphs are incorporated by reference as though fully set forth herein.

17. 35 U.S.C. § 271(a) provides that "[w]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent."

18. 35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."

19. As set forth in the claim chart attached hereto as Exhibit B, the Accused Product includes each and every element of at least claims 19–24 of the '915 Patent. Therefore, upon information and belief, GDW has directly infringed and continues to directly infringe the '915 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell within the United States and/or importing into the United States, without authority, the Accused Product, which embodies each element of at least claims 19–24 of the '915 Patent.

20. Upon information and belief, GDW has also actively induced its customers of the Accused Product to directly infringe the '915 Patent, including but not limited to claims 19–24. GDW knew of the '915 Patent since at least April 8, 2016, when GDW received Rotex's cease and desist letter. GDW provided the Accused Product to its customers and encouraged and/or instructed its customers to use the Accused Product in Apex™ Screeners, with the knowledge and specific intent that doing so would induce further infringement of the '915 Patent.

21. Despite possessing knowledge of the claims in Rotex's '915 Patent since at least April 8, 2016, as explained above, GDW has not abated any of the relevant activity to Rotex's knowledge. Accordingly, GDW's acts of infringement of Rotex's rights under the '915 Patent will continue causing irreparable harm to Rotex, for which there is no adequate remedy at law, unless enjoined by this Court.

22. GDW has had actual notice of the '915 Patent since at least April 8, 2016 and, upon information and belief, has known or should have known that its activities outlined in this Claim infringe the '915 Patent. Nonetheless, GDW has continued to engage in its infringing acts despite an objectively high likelihood that its actions constitute infringement of a valid patent. Therefore, upon information and belief, the acts of infringement were committed in willful and

deliberate disregard for Rotex's patent rights and without reasonable justification therefor, thereby making this an exceptional case within meaning of 35 U.S.C. § 285.

23. As a result of GDW's infringing conduct, Rotex has suffered and will continue to suffer substantial harm, including irreparable harm, including but not limited to, lost market share and price erosion, and has suffered and will continue to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Rotex respectfully request entry of judgment as follows:

A. Holding that GDW has infringed one or more of the claims of the '915 Patent;

B. Preliminarily and permanently enjoining GDW and all parties in privity with it from any further acts of infringement;

C. Awarding Rotex damages sufficient to compensate it for such unauthorized acts of infringement according to 35 U.S.C. § 284, together with prejudgment interest;

D. Increasing the damages up to three times by virtue of the willful and deliberate acts of infringement by GDW, pursuant to 35 U.S.C. § 284;

E. Awarding Rotex its reasonable attorney fees and costs incurred in connection with this action because this is an exceptional case pursuant to 35 U.S.C. § 285; and

F. Awarding Rotex such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Rotex demands a trial by jury on all issues raised that are triable by jury.

| | |
|---|---|
| Date: July 22, 2016 | /s/ Gregory F. Ahrens |
| | Gregory F. Ahrens |
| | Lisa M. A. Nolan |
| | Wood Herron & Evans, LLP |
| | 2700 Carew Tower |
| | 441 Vine Street |
| | Cincinnati, OH 45202 |
| | T: (513) 241-2324 |
| | F: (513) 241-6234 |
| | E: gahrens@whe-law.com |
| |    lnolan@whe-law.com |

*Attorneys for Plaintiff
Rotex Global, LLC*