IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROTEX GLOBAL, LLC,

                Plaintiff,

v.

GERARD DANIEL WORLDWIDE, INC.,

                Defendant.

OPINION AND ORDER

16-cv-523-wmc

---

Rotex Global, LLC ("Rotex") filed suit in July 2016 claiming that screen panels manufactured and sold by Gerard Daniel Worldwide ("GDW") infringed upon a Rotex patent. (*See* Am. Compl. (dkt. #6) 1-3.) Following the Federal Circuit's decision in *In re Cray, Inc.*, 871 F.3d 1355 (Fed. Cir. 2017), GDW moved to transfer this lawsuit to the Middle District of Pennsylvania, arguing that venue was improper. (*See* Transfer Mot. (dkt. #47) 1.) Despite Rotex's objections (*see* Pl.'s Resp. (dkt. #57) 1-9), the court agrees with GDW and will order transfer.

FACTUAL BACKGROUND

In its initial and amended complaints, Rotex alleged that "[v]enue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b)." (Compl. (dkt. #1) 2; Am. Compl. (dkt. #6) 2.) In response to Rotex's assertion that venue was proper, GDW answered that it was not "because [this judicial district] is not the district where defendant resides, the district where a substantial part of the events giving rise to the claim occurred, or the district in which defendant is subject to personal jurisdiction under 28 U.S.C. § 1391." (Answer (dkt. #12) 2.)

The following month, the parties filed their joint Rule 26(f) Report, in which they stated

there were no "contested issues relating to . . . venue" and that no venue discovery was necessary. (Rule 26(f) Report (dkt. #14) 2.) In December 2016, the court issued its pretrial conference order, specifying that dispositive motions were due September 8, 2017. (Pretrial Conference Order (dkt. #16) 5.) At the end of January 2017, GDW filed an early motion for summary judgment (dkt. #20), which was fully briefed in March (*see* Reply Br. (dkt. #33)).

In May 2017, the United States Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017), holding that a domestic corporation's "'reside[nce]' in § 1400(b) refers only to the State of incorporation" and reiterating that § 1400(b) does not incorporate § 1391's "broader definition of corporate 'residence.'" *Id.* at 1517. In September, the Federal Circuit issued its decision in *In re Cray*, which held that § 1400(b)'s other basis for venue in a patent case -- "where the defendant has committed acts of infringement and has a regular and established place of business" -- required the defendant to have "a 'place of business,' that is 'regular' and 'established.'" 871 F.3d at 1362. Four days later, relying on *Cray*, GDW filed the present motion seeking to transfer the case to the Middle District of Pennsylvania, which encompasses GDW's headquarters. (*See* Transfer Mot. (dkt. #47) 1; Fake Aff. (dkt. #49) ¶ 7.)

OPINION

Venue in patent cases is controlled by 28 U.S.C. § 1400(b), which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In *TC Heartland*, the Supreme Court -- as it did in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957) -- concluded

that broad understanding of corporate residence in 28 U.S.C. § 1391's general venue provision did not apply to patent venue; rather under § 1400(b), a domestic corporation's residence "refers only to the State of incorporation." *TC Heartland*, 1373 S.Ct. at 1519-21.

Not surprisingly, "litigants and courts [began] raising with increased frequency the question of where a defendant has a 'regular and established place of business,'" after the Supreme Court's decision in *TC Heartland*. *In re Cray*, 871 F.3d at 1359, (citing as examples *Raytheon Co. v. Cray, Inc.*, No. 2:15-cv-01554-JRG, 2017 U.S. Dist. LEXIS 100887; *RegenLab USA LLC v. Estar Techs. Ltd.*, No. 16-CV-08771 (ALC), 2017 U.S. Dist. LEXIS 131627, at *2 (S.D.N.Y. Aug. 17, 2017)). *In re Cray* also recognized existing "uncertainty surrounding and the need for greater uniformity" in interpreting the statutory language of § 1400(b). *Id.*[1]

Accordingly, unlike *TC Heartland* -- which only addressed the first prong of the patent venue statute – *In re Cray* considered the meaning of "regular and established place of business." *Id.* at 1360. As the *Cray* court explained,

> The statutory language we need to interpret is "where the defendant . . . has a regular and established place of business." 28 U.S.C. § 1400(b). The noun in this phrase is "place," and "regular" and "established" are adjectives modifying the noun "place." The following words, "of business," indicate the nature and purpose of the "place," and the preceding words, "the defendant," indicate that it must be that of the defendant. Thus, § 1400(b) requires that "a defendant has" a "place of business" that is "regular" and established." All of these requirements must

---

[1] The Federal Circuit acknowledged in its *In re Cray* decision that the "regular and established place of business" prong of § 1400(b) has only been addressed by the court once before in *In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985), where the Federal Circuit determined that the "appropriate inquiry" was not "whether [Cordis] has a fixed physical presence in the sense of a formal office or store." *Cray*, 871 F.3d at 1359 (quoting *Cordis*, 769 F.2d at 736-37.). The *Cray* court acknowledged that businesses have changed since 1985, but "in the wake of the Supreme Court's holding in *TC Heartland*, effectively reviving Section 1400(b) as the focus of venue in patent cases, we must focus on the full and unchanged language of the statute, as *Cordis* did not consider itself obliged to do." *Id.*

3

be present.

*Id.* at 1362-63. Thus, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360.[2] The Federal Circuit also "stress[ed] that the analysis must be closely tied to the language of the statute." *Id.* at 1362. Finally, the court went on to conclude that the fact a Cray employee's home is in the district did *not* satisfy the requirements of a "regular and established place of business," and thus that venue was improper. *Id.* at 1364-67.

Turning to the present case, there can be little dispute that venue is improper in light of *In re Cray,* at least absent a finding of waiver. Plaintiff nevertheless argues that venue is proper under 28 U.S.C. §§ 1391(c), 1400(b). (*See* Amend. Compl. (dkt. #6) 2.) As clarified by the Supreme Court in *TC Heartland,* "the amendments to § 1391 did not modify the meaning of § 1400(b) as interpreted by *Fourco*" sixty years ago, so that "a domestic corporation 'resides' *only* in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S.Ct. at 1517 (emphasis added). Further, the defendant here does not reside in the Western District of Wisconsin as it is incorporated only in Pennsylvania and Delaware. (*See* Mem. Supp. Mot. Transfer (dkt. #48) 1.)[3]

---

[2] The *Cray* court elaborated on these requirements: The "place" element requires "a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362. The "regular and established" element cannot be satisfied through "sporadic activity" or a single act; "established" indicates a non-transient location. *Id.* at 1362-63. The final element requires that the place must be "of the defendant," not simply that of defendant's employee. *Id.* at 1363.

[3] The memorandum in support details that "Defendant is incorporated under the laws of . . . Delaware and Pennsylvania" (*see* Mem. Supp. Mot. Transfer (dkt. #48) 1), while the CFO's affidavit provides "Defendant is incorporated in Pennsylvania and [is] a Delaware Corporation" (Fake Aff. (dkt. #49) ¶ 3). Either way, venue is not available in Wisconsin.

Defendant also fails to meet the Federal Circuit's understanding of the "regular and established place of business" requirement of § 1400(b).[4] While plaintiff asserts that "the Accused Product is available for sale to customers located in this district," that is not sufficient to satisfy *In re Cray's* test. 871 F.3d at 1360, 1362-63. Instead, as detailed above, plaintiff would need to prove that defendant has an established physical location where it regularly conducts business within this district for venue to be proper. *See id.*; *see also Niazi v. St. Jude Med. S.C., Inc.*, Nos. 17-cv-183-jdp, 17-cv-184-jdp, 17-cv-185-jdp, 17-cv-283-jdp, 2017 WL 5159784, at *1, *3-*4 (relying on *In re Cray* to determine that venue was improper in patent infringement case). Plaintiff cannot begin to make that showing. As defendant's Chief Financial Officer states, the company: has no place of business in Wisconsin, employs no salespeople in Wisconsin, and owns no property in the state. (Fake Aff. (dkt. #49) ¶¶ 4-7.) Accordingly, defendant lacks all three requirements under *In re Cray*'s reading of § 1400(b), and thus it does not have a "regular and established place of business" within this district.

As alluded to already, plaintiff argues alternatively that defendant waived its venue objection through participation in this case, which both implicitly and explicitly amounted to consent to venue. Normally, plaintiff would have a good argument. *See* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."). However, *In re Cray* constitutes an intervening change of law, such that defendant could not have waived its objection to venue. *See Eyetalk 365 v. Zmodo Tech. Corp.*, No. 3:16-cv-00789-FDW-DCK, 2017

---

[4] This court looks to Federal Circuit precedent because that court has nationwide appellate jurisdiction over patent law cases. *See* 28 U.S.C. § 1295(a); *see also Cray*, 871 F.3d at 1360 (explaining that Federal Circuit law governs the interpretation § 1400(b) because that provision is specific to patent cases).

U.S. Dist. LEXIS 172057, at *3-*4 (W.D.N.C. Oct. 17, 2017) (explaining that "[a]n exception to the general rule of waiver exists 'when there has been an intervening change in the law recognizing an issue that was not previously available,'" so that "a court may [still] consider an issue previously 'waived' if the court determines 'the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner'" (quoting *Holland v. Big RiverMinerals Corp.*, 181 F.3d 597, 605-06 (4th Cir. 1999)); *Simpson Performance Prod., Inc. v. Mastercraft Safety, Inc.*, No. 5:16-CV-155-RVL, 2017 WL 3620001, at *5 (W.D.N.C. Aug. 23, 2017) ("The intervening law exception to the general rule that the failure to raise an issue timely in the district court waives review of that issue . . . applies when 'there was strong precedent' prior to the change . . . such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner." (quoting *Big River Minerals*, 181 F.3d at 605-06)).[5]

Because *In re Cray* changed the standard for "regular and established place of business," and GDW acted promptly in filing the present motion, it was not unreasonable for defendant to object when it did. Further, plaintiff has not identified any ground for prejudice.[6] Thus the

---

[5] Following the Supreme Court's decision in *TC Heartland*, in May 2017, a number of courts had already begun granting motions to transfer on the basis of an intervening change of law, overruling wavier objections. *See e.g.*, *Eyetalk 365*, 2017 U.S. Dist. LEXIS 172057 at *8-*9 (granting transfer for improper venue following *TC Heartland*); *Nautilus, Inc. v. Icon Health & Fitness, Inc.*, No. C16-5393-RBL, 2017 U.S. Dist. LEXIS 148431 (W.D. Wash. Sept. 13, 2017) (granting defendant's motion to amend its answer to assert that venue was improper and granting defendant's motion to transfer in light of *TC Heartland*); *but see Oyster Optics, LLC v. Coriant Am., Inc.*, No. 2:16-cv-1302, 2017 U.S. Dist. LEXIS 155586 at *10-*12 (E.D. Tex. Sept. 22, 2017) (explaining that "the Court in *TC Heartland* did not create a right that was previously unavailable. To the contrary, in *TC Heartland* the Supreme Court simply reaffirmed its prior interpretation of 28 U.S.C. § 1400([b]) as controlling. . . . . At most, the Court's action in *TC Heartland* could be characterized as a rejection of subsequent case law from a lower court, but not an intervening change in law."). But, this court need not decide whether *TC Heartland* constituted an intervening change in law, because *In re Cray* certainly did.

6

court will grant defendant's motion to transfer.[7]

ORDER

IT IS ORDERED that:

1) Defendant's motion to transfer venue (dkt. #47) is GRANTED.

2) The clerk of court is directed to transfer this lawsuit to the Middle District of Pennsylvania.

Entered this 14th day of November, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[6] There really is little disadvantage in transferring since all the discovery already taken is likely to be every bit as useful in Pennsylvania as it is in Wisconsin, and the substantive law remains unchanged. Plaintiff also raises a concern about forum-shopping by noting that defendant's counsel expressed "frustrat[ion]" about this court not having addressed defendant's summary judgment motion in the six months since its filing. If venue *had* been proper and defendant sought transfer, this might weigh against the request, but it has little relevance here. The court notes, however, that it is this court's usual practice, absent circumstances warranting early review not present here, to not consider motions for summary judgment until *after* the dispositive motion deadline, so that cross motions -- if any -- can be considered at the same time.

[7] A court is to dismiss when a case is filed in the wrong venue, unless it is in the interests of justice to transfer the case to a venue where it could have properly been brought. *See* 28 U.S.C. § 1406(a).